FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANN MARIE R., | No. 2:24-CV-00113-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION AND REMANDING FOR ADDITIONAL PROCEEDINGS. |
| LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response.  ECF No. 7, 9.  Attorney Chad Hatfield represents Ann Marie R. (Plaintiff); Special Assistant United States Attorney Erin F. Highland represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  *See* ECF No. 2.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on October 30, 2017, alleging disability since March 27, 2014.[2]  Tr. 15, 343-48, 362.  The applications were denied initially and upon reconsideration.  Tr. 248-51, 255-57.  Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on May 29, 2019, Tr. 120-46, and issued an unfavorable decision on June 19, 2019.  Tr. 12-28.  Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on May 29, 2020.  Tr. 1-6.

Plaintiff filed an action for judicial review on July 31, 2020, and in an order dated March 20, 2023, this Court remanded the case for further administrative proceedings for the ALJ to reevaluate the medical evidence, including all medical opinion evidence using the factors required by the regulations, to reassess and apply *Chavez* and AR 97-4(9), to reevaluate Plaintiff's symptom claims in the context of the whole record; and to perform the sequential analysis anew, including reconsidering Plaintiff's impairments at step-two, reassessing whether any impairments meet or equal a listing at step-three, and reperforming the step-five analysis with the assistance of vocational expert testimony.  Tr. 580-98.  On

---

[2] Plaintiff previously applied for Title XVI benefits on April 14, 2008; the application was denied initially and on reconsideration and resulted in an October 16, 2009, unfavorable decision from an ALJ.  Tr. 147-67.  Plaintiff appealed the decision and, in an order dated February 25, 2011, the Appeals Council remanded the case to the ALJ.  Tr. 168-71.  The ALJ denied her claim in an October 12, 2011, unfavorable decision.  Tr. 172-99.  Plaintiff appealed the decision to the Appeals Council and then to this Court; the appeal resulted in a judgement for the Commissioner of the Social Security Administration.  *See Ann Marie R. v. Comm'r of Soc. Sec.*, No. 2:12-CV-00611-TOR (E.D. Wash. Mar. 7, 2014).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

August 5, 2023, the Appeals Council vacated the 2019 decision and remanded the case to the ALJ for further proceedings consistent with the order of the court.[3] Tr. 602.

On December 7, 2023, ALJ Shumway held a remand hearing. Tr. 544-47. Plaintiff did not appear, and Plaintiff's representative informed the ALJ he had been unable to contact Plaintiff during the time her claim had been at district court, and that she did not know of the remand order or further proceedings; the ALJ found Plaintiff constructively waived her appearance at the hearing and issued a decision based on the record. Tr. 519, 545-46. The ALJ issued a partially favorable decision on the associated claims on January 30, 2024, finding Plaintiff disabled beginning December 10, 2023, the date she turned 55. Tr. 516-42. The Appeals Council did not assume jurisdiction of the case, making the ALJ's January 2024 decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 4, 2024. ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 1968 and was 48 years old on the date the application was filed; she turned 50 during the period at issue, and the ALJ found her disabled as of her 55th birthday on December 10, 2023. Tr. 533. Plaintiff has a 9th grade education. Tr. 363.

---

[3] The Appeals Council noted Plaintiff filed subsequent claim for benefits on February 2, 2023, that the action with respect to the remanded claim rendered the subsequent claims duplicate and ordered the ALJ to consolidate the claims and evidence and issue a new decision on the consolidated claims. Tr. 602.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

### III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant

bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show:  (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy.  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE DECISION

On January 30, 2024, the ALJ issued a decision finding Plaintiff was not disabled before December 10, 2023, but became disabled on that date.  Tr. 519-37.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 30, 2017, the application date.  Tr. 522.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: lower back pain; hepatitis C with mild liver disease; chronic obstructive pulmonary disease; gastroesophageal reflux disease/peptic ulcer disease; abscesses; seizure disorder secondary to substance use/abuse; diverticulosis with evidence of polyps on colonoscopy; obesity; polysubstance abuse; major depressive disorder; an unspecified trauma related disorder; and personality disorder.  Tr. 522.

At ***step three***, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 523.

The ALJ then found Plaintiff had not submitted new and material evidence related to her RFC, and "therefore adopted the [RFC finding] from the prior ALJ

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

decision," which was the 2011 ALJ's finding that Plaintiff could perform light work, but with the following nonexertional limitations:[4]

> [Plaintiff] is limited to no more than occasional stooping, crouching, crawling, kneeling, balancing or climbing of ramps or stairs; she should never climb ladders, ropes or scaffolds; she should avoid even moderate exposure to respiratory irritants or workplace hazards; she is limited to understanding, remembering or carrying out simple routine, repetitive tasks requiring no more than superficial contact with the public and no more than occasional interaction with co-workers; her work tasks must be able to be performed in an isolated environment; and she must be permitted additional time to adapt to changes in routine.

Tr. 525; *see* Tr. 20.

At **step four**, the ALJ found Plaintiff had no past relevant work. Tr. 533.

At **step five**, the ALJ found that before December 10, 2023, "as [he] had adopted the prior [RFC] from the prior [ALJ] decision," Plaintiff "remain[ed] capable of performing work," based on the testimony of the vocational expert at the 2011 hearing, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the

---

[4] In the ALJ's 2019 decision, which was vacated based on the 2023 order of this Court, the same ALJ found that the prior (2011) ALJ's Residual Functional Capacity (RFC) "accurately captures the [Plaintiff's] functioning, as demonstrated by the new evidence in the file [at that time]. No new or material evidence has been submitted that would allow me to deviate from the prior ALJ's [RFC] finding." Tr. 21. Accordingly, in 2024 the ALJ again found that there was no new and material evidence related to Plaintiff's RFC in the file since the 2011 decision and adopted the RFC from the 2011 decision. Tr. 525.

national economy, including the jobs of housekeeper cleaner, laundry worker, and conveyor operator.  Tr. 534; *see also*, Tr. 23-24.[5]

The ALJ found that beginning December 10, 2023, the date Plaintiff's age category changed, considering her age, education, work experience, and RFC, there were no jobs that existed in the national economy that she could perform, as directed by direct application of Medical-Vocational Rule 202.01, because she was of advanced age, had a limited education, and had no past relevant work.  Tr. 534.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time before December 10, 2023, but that she became disabled on that date.  *Id*.  The ALJ found that Plaintiff's substance use disorder was not a contributing factor material to the determination of disability as of that date.  *Id*.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits prior to December 23, 2023, and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review:  (1) whether the ALJ improperly evoked the *Chavez* presumption; (2) whether the ALJ properly evaluated the medical opinion evidence; (3) whether

---

[5] In the 2019 decision, the ALJ "partially adopted the prior [2011] finding," noting that while Plaintiff changed age categories during the period at issue, that the medical-vocational rules, used as a framework, still directed a conclusion of "not disabled," and that, based on the testimony of the vocational expert at the 2011 hearing, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of housekeeper cleaner, laundry worker, and conveyor operator.  Tr. 23-24.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

the ALJ conducted a proper step-two analysis; (4) whether the ALJ conducted a proper step-three analysis; (5) whether the ALJ properly evaluated Plaintiff's symptom complaints; and (6) whether the ALJ conducted a proper step-five analysis.

## VII.    DISCUSSION

### A.    *Chavez v. Bowen*.

Plaintiff contends the ALJ improperly applied *Chavez* and AR 97-4(9).  ECF No. 7 at 7-8.  "The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."  *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998) (citing *Lyle v. Sec'y of Health and Human Servs*., 700 F.2d 566, 568 n.2 (9th Cir. 1983)).  Under the doctrine of res judicata, a prior, final determination of nondisability bars relitigation of that claim through the date of the prior decision.  *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  Furthermore, in the Ninth Circuit, a prior, final determination of nondisability "create[s] a presumption that [the claimant] continued to be able to work after that date."  *Id*. (citation and internal quotation marks omitted).[6]

"[T]he authority to apply res judicata to the period *subsequent* to a prior determination [however] is much more limited."  *Id.* (emphasis in original).  "The

---

[6] Acquiescence Ruling (AR) 97-4(9) explains how *Chavez* differs from the Social Security Administration's (SSA) interpretation of Social Security policy requiring de novo review of claims for unadjudicated periods.  The SSA applies the *Chavez* presumption only as to claimants residing in the Ninth Circuit.  AR 97-4(9), available at 1997 WL 742758 at *3.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). Examples of changed circumstances include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." *Lester*, 81 F.3d at 827-28 (citations omitted); *see also* Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, at *3 (Dec. 3, 1997). Even where the presumption is rebutted because of changed circumstances, an adjudicator must adopt certain findings which were made in a final decision by an ALJ or the Appeals Council under the same title of the Act "unless there is new and material evidence" related to the finding. AR 97-4(9), 1997 WL 742758, at *3; *see also* HALLEX 1-5-4-60, *Implementation of the Chavez Acquiescence Ruling (Ninth Circuit),* 1998 WL 34083439, at *4 (Dec. 28, 1998). Medical evaluations conducted after a prior adjudication necessarily constitute new and material evidence. *Nursement v. Astrue*, 477 F. App'x 453, 454 (9th Cir. 2012) citing *Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1172–73 (9th Cir. 2008).

On October 12, 2011, a prior ALJ found Plaintiff was not disabled based on a 2008 application for benefits. Tr. 175-93. The ALJ in 2019 found Plaintiff rebutted the presumption of continuing nondisability, because "the relevant listings have changed and the [Plaintiff] has alleged both worsening and additional impairments." Tr. 15. Continuing the analysis, the 2019 ALJ concluded he could not adopt the 2011 ALJ's findings at steps two, three, or four, because Plaintiff had new mental health impairments, the agency had promulgated new rules and regulations related to the evaluation of mental health impairments, and Plaintiff's past work could no longer considered past relevant work. Tr. 18-19, 22-23. The

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

2019 ALJ found, however, that no new or material evidence had been submitted that would allow him to deviate from the 2011 ALJ's findings at step one, Plaintiff's RFC, and step five, and he adopted those 2011 findings.  Tr. 15-16, 17-18, 21.

This Court remanded the case to the ALJ in March 2023 due to errors in assessing the medical evidence without reaching the *Chavez* issue but instructed the ALJ on remand to reperform the *Chavez* analysis.  Tr. 580-98.  The 2019 decision was vacated by the Appeals Council, which remanded the claim to the ALJ with instructions to consolidate a later claim with the file and for "further proceedings consistent with the order of the court."  Tr. 602.

In 2024, the same ALJ again noted, without analysis, Plaintiff's unfavorable ALJ decision *from 2011* and found that Plaintiff had rebutted the presumption of nondisability due to changes in "age category, listings, etc.," but that there was "no new and material evidence demonstrating a change in residual functional capacity [since 2011]."  Tr. 520.  Medical evaluations conducted after a prior adjudication necessarily constitute new and material evidence.  *Stubbs–Danielson,* 539 F.3d at 1172–73.  Here, there are multiple new medical evaluations since the 2011 decision, including several where providers found disabling limitations; the medical evidence and evaluations from the 2011 decision are not available in the current file; and multiple impairments the ALJ based Plaintiff's 2011 RFC on have changed or worsened, and some from the 2011 decision are not in evidence in this claim.  *See, e.g.*, Tr. 409-10, 413, 415, 417-18, 435-42, 448-54, 455-63, 798-28.  Plaintiff also has several new physical and mental impairments, including multiple mental health impairments that were not considered in the 2011 RFC; Plaintiff's alleged onset date in the current claim is not until 2014, years after the 2011 ALJ decision; she changed age categories two times as of the 2024 decision; and there have been changes in the relevant regulations since the 2011 ALJ decision.

Accordingly, there is new and material evidence relating to the RFC and multiple steps in the sequential evaluation.

On this record, the ALJ erred in concluding that there was no new and material evidence and adopting the 2011 ALJ's RFC and other findings.  Tr. 520. Notably, the 2024 ALJ also repeatedly references findings from the remanded 2019 decision as if the findings discussed and/or adopted in the 2024 decision were from a prior unfavorable decision from 2019, *see* Tr. 525, 527, 529; the 2019 decision was reversed and remanded by this Court, however, and subsequently vacated by the Appeals Council and any findings adopted, including the RFC, most of the impairments at step two, the step three analysis except for the mental health listings, the step-five findings, including jobs and job numbers, are from a prior unfavorable ALJ decision from 2011.  Even if there were not several new evaluations over the more than a decade since that decision, basing the availability of jobs in 2024 on vocational expert testimony from 2011, without further explanation and analysis, is simply not supported by substantial evidence.

This Court remanded the case to the ALJ in March 2023 due to errors in assessing the medical opinion evidence without reaching the *Chavez* issue; the ALJ was instructed, however, along with the order to reassess all medical opinions and prior administrative findings using the factors as required by the regulations, to reperform the *Chavez* analysis, as well as reconsider Plaintiff's symptom complaints and reperform the sequential analyses including new vocational expert testimony.  Tr. 580-98.  In 2024, the ALJ did not properly apply *Chavez*; again applied much of the reasoning this Court rejected in regard to the medical opinion evidence; did not assess the medical opinion evidence, including prior administrative findings, using the factors required by the 2017 regulations; did not reassess Plaintiff's symptom complaints for the period at issue in this claim as

ordered by this Court; and did not reperform the sequential analysis, as ordered, including obtaining new vocational expert testimony at step five.

Accordingly, on this record, the ALJ harmfully erred in concluding there was no new and material evidence relevant to the RFC, as well as steps two, three, and five of the sequential analysis. Under AR 97-4(9), the ALJ must adopt certain findings which were made in a final decision by an ALJ unless there is new and material evidence related to the finding. The entirety of medical opinion evidence in the current file consists of several medical evaluations (and review of medical evidence) conducted after the 2011 ALJ decision, and this constitutes new and material evidence related to the RFC and other steps of the sequential analysis. The ALJ erred in finding otherwise and this error affected the rest of the decision. Upon remand the ALJ will again apply *Chavez*, as Plaintiff has demonstrated changed circumstances *and* there is new and material evidence; and, therefore, no findings from the prior 2011 decision will be adopted.

Upon remand the ALJ will carefully reconsider Plaintiff's 2017 claim and any consolidated claims, through the date she was determined disabled, December 10, 2023. This will include reperforming the sequential analysis and making new findings at each step, reassessing all medical opinion evidence and prior administrative findings, using the factors of supportability and consistency as determined by the 2017 regulations, along with reassessing Plaintiff's symptom claims and determining Plaintiff's RFC during the period at issue with the assistance of physical and mental health medical expert testimony; and the ALJ shall reperform the step five analysis from Plaintiff's 2017 (current) application date, accounting for the updated 2014 alleged onset date, through the date Plaintiff was determined disabled in 2023, with the assistance of vocational expert testimony as previously ordered by this Court.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

The ALJ will avoid using the same rational used in the vacated 2019 and 2024 decisions that was rejected by this Court in the 2023 remand order and this present order, as discussed *infra*.

**B.    Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints.  ECF No. 7 at 20-21. It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ erred in finding that "a prior unfavorable administrative law decision was issued on June 19, 2019" and adopting the RFC from this decision "because [Plaintiff] has not submitted new and material evidence related to her [RFC] and [the ALJ] therefore adopted the [RFC] from the [2019] ALJ decision." Tr. 525.  The ALJ then explained, based on this faulty reasoning, that "no new evaluation of subordinate findings like symptom evaluation is appropriate if there is no new and material evidence relating to the [RFC]."  *Id*.

However, as discussed *supra*, the RFC in the 2019 and 2024 decisions is the RFC from the 2011 final ALJ decision, *see* Tr. 520, and there is significant new

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

and material evidence relating to the RFC since that time.  The ALJ's finding his RFC was from a final decision in 2019 is a misstatement of the record, resulted in a mischaracterization of the evidence, and constitutes harmful error as the ALJ failed to reconsider Plaintiff's symptoms claims as of her current (2017, 2023) applications and as previously ordered by this Court.

Upon remand the ALJ will again consider Plaintiff's symptom claims during the period at issue, from her alleged onset date though the date she was determined disabled.  If discounting her symptom claims, the ALJ shall provide clear and convincing reasons for doing so.

## C.    **Medical Opinions.**

Plaintiff contends the ALJ improperly evaluated the medical opinion evidence.  ECF No. 7 at 8-18.  For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 416.920c(a).  Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id.* at 788-89, 792.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id.* at 790, 792.  Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent.  *Id.* at 792.

1      ## 1.    *Dr. Genthe.*

2      On July 24, 2019, Dr. Genthe performed a psychological/psychiatric

3  evaluation on behalf of DSHS.  Tr. 798-08.  Dr. Genthe diagnosed Plaintiff with

4  major depressive disorder, with anxious distress; PTSD; ADHD; other specified

5  personality disorder; alcohol, heroin, and cocaine use disorder, all in sustained

6  remission; and methamphetamine use disorder, in early remission.  Tr. 801.  He

7  opined Plaintiff had marked limitation in her ability to adapt to changes in a

8  routine work setting, to ask simple questions or request assistance, communicate

9  and perform effectively in work setting, maintain appropriate behavior in a work

10 setting, to complete a normal workday and workweek without interruptions from

11 psychologically based symptoms, and to set realistic goals and plan independently.

12 Tr. 802.  He opined that while the overall severity of her conditions was marked,

13 her limitations were not the results of a substance use disorder, but that chemical

14 dependency assessment was recommended; and that vocational training or services

15 would minimize or eliminate barriers to employment.  Tr. 802-03.

16      Dr. Genthe opined that problematic personality traits, primarily those

17 associated with borderline features may limit Plaintiff's ability to function

18 appropriately in personal, social, and work settings and that "problematic

19 personality traits frequently limit treatment interventions of mental health

20 symptoms" and, that it was therefore "recommended to include the information of

21 the personality assessment [Personality Assessment Inventory (PAI) testing] in her

22 treatment."  Tr. 803.  Dr. Genthe opined that although Plaintiff had begun

23 treatment, her symptoms "ha[d] not improved to the point of her being able to

24 resume normal work activities"; and that she should continue treatment and a

25 psychiatric consult might be beneficial.  *Id*.  He opined her prognosis was poor

26 from a psychological perspective, and that she was unlikely to function adequately

27

28

ORDER GRANTING PLAINTIFF'S MOTION . . . - 16

and/or consistently in a work setting until her psychological symptoms were managed more effectively. *Id.*

The ALJ found Dr. Genthe's opinion unpersuasive because his opinion did not include or account for "in any way" a Personality Assessment Inventory (PAI) testing "that showed negative impression management, such as malingering." Tr. 533. This is a mischaracterization of the evidence, however, as Dr. Genthe addressed the PAI testing in his opinion, explaining that Plaintiff "presented with problematic personality traits, primarily those associated with borderline features" and that these "may limit Plaintiff's ability to function appropriately in personal, social, and work settings" and that "problematic personality traits frequently limit treatment interventions of mental health symptoms" and it was therefore "recommended to include the information of the personality assessment [Personality Assessment Inventory (PAI) testing] in her treatment." Tr. 803. Dr. Genthe explained that PAI testing was intended to provide assessment of factors that could distort results of testing and "could include failure to complete test items properly, carelessness, reading difficulties, confusion, exaggeration, malingering, or defensiveness." Tr. 805-06. While Dr. Genthe noted Plaintiff's results showed the possibility of the above factors, he also noted profiles of this type are usually associated with marked distress and "severe impairment in functioning is typically present." Tr. 806-08.

Accordingly, the ALJ's description of the PAI testing results as "show[ing] negative impression management, such as malingering" is not an accurate characterization of Dr. Genthe's test results, and the ALJ's finding that Dr. Genthe failed to address this testing is incorrect. *Id.*; *see* Tr. 533. Dr. Genthe discussed the testing in the narrative position of his opinion, it appears to have informed his diagnosis of a personality disorder, and Dr. Genthe did not conclude such testing showed malingering. Accordingly the ALJ's conclusion Dr. Genthe's opinion was

unpersuasive because he did not account for PAI testing that showed negative impression management is not supported by substantial evidence.

The ALJ also concluded that Dr. Genthe's objective findings did not support his opinion. Tr. 533. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). Here, the ALJ noted some normal findings upon mental status exam, including that Plaintiff was cooperative, friendly, and well groomed. Tr. 533. Upon review of the evaluation, however, the majority of Dr. Genthe's observations upon mental status exam were abnormal; Dr. Genthe observed abnormal perception, memory, fund of knowledge, concentration, including that Plaintiff could not spell world backwards, could not perform a simple math problem, and had moderate difficulties following conversation, as well as abnormal findings in abstract thought and insight and judgement, including poor understanding of her illness and factors contributing to it, and poor level of social maturity and willingness to respond to society appropriately. Tr. 805. The ALJ failed to address most of Dr. Genthe's findings, and the ALJ's conclusion that Dr. Genthe's objective findings did not support the opined severity of Plaintiff's limitations is not supported by substantial evidence.

The ALJ also concluded that "many of the same reasons for not finding Dr. Islam-Zwart's 2017 opinion persuasive apply to this opinion as well," including that it was inconsistent with mental status findings in Plaintiff's (primarily physical) treatment notes. Tr. 533. However, this reasoning was already found insufficient in this Court's 2023 remand order, due to selective citing of the record by the ALJ and failure to consider records that were consistent with the opinion. *See* Tr. 589-91. Further, while reusing reasoning already rejected by this Court, the ALJ failed to address the consistency of the mental health evaluations in the current file, including the 2015, 2017, and 2020 evaluations of Dr. Islam-Zwart

and the evaluations of Dr. Genthe and Dr. Chandler.  The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is.  20 C.F.R. § 416.920c(c)(2).  On this record, the ALJ's reasons to discount the opinion of Dr. Genthe are not supported by substantial evidence.

### 2.    *Prior Administrative Findings.*

In March and June 2018, the state agency physical and mental consultants reviewed the available records and assessed Plaintiff's level of functioning.  Tr. 206-25, 227-46.  The ALJ found the opinions persuasive "to the extent that they match the prior ALJ decision."  Tr. 528.  This is the exact same reasoning provided by the ALJ in 2019, in reference to adoption of the RFC in the 2011 ALJ decision.  *See* Tr. 21.  An ALJ is required to articulate how they considered the consistency and supportability factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920a(b).

Accordingly, the ALJ erred as he failed to articulate his assessment of either factor with respect to the prior administrative findings as required by the regulations and as previously ordered by this Court.

### 3.    *Other Medical Opinions.*

The ALJ assessed other medical opinions including opinions from Dr. Islam-Zwart from evaluations in 2015, 2017, and 2020, an opinion by Dr. Chandler, and opinions from physical evaluations.  *See* Tr. 527-32.   The ALJ, however, used much of the same reasoning that was rejected in this Court's 2023 remand order, and also determined that all the opinions in the current file/period at issue in this claim did not constitute new and material evidence relevant to the RFC and other steps of the sequential analysis.  As discussed *supra*, this finding was an error.

Accordingly, upon remand, the ALJ shall reassess all medical opinions and prior administrative medical findings with the assistance of physical and mental medical expert testimony, making new findings and being mindful to set forth an

analysis of the consistency and supportability of the opinions as required by the regulations. The ALJ will incorporate the opinions into the RFC or give reasons supported by substantial evidence to reject them.

**D.** **Step Two, Step Three Step Five.**

Plaintiff also contends the ALJ erred at step two by rejecting evidence of numerous additional severe impairments, erred by failing to conduct an adequate analysis at step three, and failed to conduct an adequate analysis at step five. ECF No. 7 at 18-22.

The ALJ adopted the 2011 ALJ's list of physical impairments at step two and analysis of the physical listings at step three without any discussion of the updated/relevant records in the current claim. Tr. 522-24. As noted *supra*, most of the medical evidence from the earlier claim and 2011 decision are not available in the current file, but there is updated medical and other evidence including medical evaluations and opinion evidence concerning Plaintiff's impairments from her current alleged onset date through the period at issue. Accordingly, upon remand, the ALJ will reperform the sequential analysis, including steps two and three, making new findings with the assistance of medical expert testimony.

The ALJ also failed to call a vocational expert, as previously ordered by this Court, and adopted the 2011 vocational expert testimony concerning jobs that were available in 2011, including the number of jobs, finding Plaintiff could perform these jobs from her 2017 application date through the date she became disabled according to the medical-vocational guidelines as of her 55th birthday in 2023. *See* Tr. 534. As the claim is remanded for multiple errors including adoption of the 2011 RFC that the 2024 ALJ based his step five findings upon, upon remand the ALJ will reperform the step five analysis for the period at issue in this claim, with the assistance of vocational expert testimony.

# VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful legal error.  Plaintiff argues the decision should be reversed and remanded for the payment of benefits.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

On this record, the Court finds that further proceedings are necessary for proper analysis of *Chavez* and AR 97-4(9), as Plaintiff has rebutted the presumption of continuing nondisability because of changed circumstances indicating greater disability and there is new and material evidence related to the RFC along with steps two, three, and five of the sequential analysis since the prior final (2011) ALJ decision.  Therefore, the ALJ will not adopt any prior findings, and the ALJ must reconsider all medical evidence, including conflicting medical opinion evidence, as well as Plaintiff's symptom claims for the period from her alleged onset date through the date she was found disabled in 2023.

Accordingly, on remand the ALJ will explain that Plaintiff has rebutted the presumption of continuing nondisability because of changed circumstances and there is new and material evidence related to the RFC as well as steps two, three, and five of the sequential analysis.  The ALJ will perform the sequential analysis anew, with the assistance of medical expert and vocational expert testimony, making new findings on each of the five steps of the sequential evaluation process, reassessing Plaintiff's symptom claims, and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim for the period at issue.

The ALJ shall also reevaluate the medical evidence of record with the assistance of physical and mental medical expert testimony, including all medical opinion evidence, making new findings and being mindful to utilize the factors required by the regulations for each opinion, and to avoid rationale already rejected by this Court in the 2023 and present remand order. The claim shall also be assigned to a new ALJ.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion to remand, **ECF No. 7**, is **GRANTED**.

2.    Defendant's Motion to affirm **ECF No. 9**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

5.    The District Court Executive is directed to update the docket sheet to reflect the substitution of Leland Dudek as Defendant, file this Order, and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE